Filed 5/30/23  Washington v. Washington CA1/4

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| LISA WASHINGTON,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>JOSEPH LEE WASHINGTON,<br><br>        Defendant and Respondent. | A166079<br><br><br>(Alameda County Super.<br>Ct. No. RP20083718) |

## MEMORANDUM OPINION[1]

Lisa Washington (Washington) appeals from a trial court order confirming the probate sale of real property previously owned by her deceased aunt.[2]  Washington objected to the sale in the trial court, believing the administrator of her aunt's estate—her brother, Joseph

---

[1] We resolve this case by a memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

[2] Washington ostensibly appeals from trial court orders entered May 26, June 17, and July 1, 2022.  The May 26 order is not appealable.  We have considered the content of the June 17, 2022 hearing as part of our review of the July 1, 2022 order, which is appealable.  (Prob. Code § 1300, subd. (a).)  Otherwise, we deem the appeal to be from the July 1 order.  (See *Estate of Barthelmess* (1988) 198 Cal.App.3d 728, 731, fn. 1.)

Lee Washington—along with the estate's attorney, Mathew Alden, had "mishandled" the estate, including the sale of the property.

After the first two attempts to sell the property failed, Alden filed an amended Report of Sale and Petition for Order Confirming Sale of Real Property on May 24, 2022. On May 31, 2022, he provided notice of the hearing on the sale to the new prospective buyer, to a creditor of the estate, and to 15 heirs of the decedent, including Washington. In written objections to the sale, Washington explained that she believed the real property should sell for more than the offer price, that it had not been maintained properly, and that it had appraised for significantly more in 2019 and 2021.[3]

At the hearing, Washington reiterated that the property had not been properly maintained and that the proposed purchase price was below recent appraisal values. She argued that additional cosmetic work should have been completed before the property was marketed. That work, in her view, would have increased the property's value and the inheritance for all the beneficiaries of her aunt's estate.

The court heard responsive argument from Alden and two realtors who had been engaged to sell the property. They explained that the property was already in foreclosure; that it was in all involved parties' interests to get the best possible price for the house; that the house's condition meant that investing in minor cosmetic changes would not lead to a positive return; that they had performed their due diligence in marketing the property; and, with 40 prospective buyers having viewed the home, that "the market ha[d] spoken" as to the

---

[3] Washington also alleged self-dealing by the realtors selling the home, which the record does not support. Washington made additional allegations not relevant to this appeal. We do not address them.

home's value. The court largely adopted Alden's and the realtors' reasoning and affirmed the sale.

The trial court entered its order confirming the sale of the property on July 1, 2022.[4]

## DISCUSSION

On appeal, Washington primarily contends that her brother and Alden committed fraud and embezzlement in conjunction with the sale of the real property. She argues that court documents related to the administration of the estate were not sent to certain beneficiaries' correct addresses. Washington has not supported her contention with citations to the record, although from our own review it appears that Alden sent certain notices to incorrect addresses, but also that he later identified and used the correct addresses. In any event, Washington has not identified anything in the record that indicates that fraud was committed in connection with the beneficiary addresses or that any alleged fraud impacted the sale of the property.

Washington is also concerned that the contract of sale bears the name of her deceased father—Joseph Washington—rather than that of her brother—Joseph Lee Washington—and that certain other court documents also list "Joseph Washington" or "James Washington" rather than "Joseph Lee Washington." She surmises that there may also have been some wrongdoing related to life insurance policies in the name of Joseph—not Joseph Lee—Washington. She does not, however,

---

[4] Washington attached several documents to her reply brief on appeal. Many if not all of these documents are already in the record. In any event, we need not augment the record or take judicial notice of the documents to resolve this appeal. (See Cal. Rules of Court, rule 8.155(a); Evid. Code § 452.)

indicate how these alleged inconsistencies amount to fraud or embezzlement, nor how her concerns regarding these clerical errors overcome the presumption of correctness we afford the trial court's determinations.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

Finally, Washington asserts that the sale of the property should be invalidated because her brother and Alden obstructed justice and engaged in an elaborate conspiracy and racketeering scheme.  These allegations are not supported by record evidence and were not raised in Washington's objections to the sale or at the hearing on the sale.  We therefore do not address them.  (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, superseded by statute on other grounds as stated in *In re S.J.* (2008) 167 Cal.App.4th 953, 962; *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684.)

We conclude that the trial court's ruling satisfied the requirement that the court "examine . . . the necessity for the sale or the advantage to the estate and the benefit to the interested persons in making the sale."  (Prob. Code § 10310, subd. (a).)  The record shows that the trial court carefully considered Washington's arguments and that substantial evidence supports the court's determination that selling the property was in the best interest of the estate and would benefit the interested parties.  (*Ibid.*)  Washington has not demonstrated error in the trial court's ruling.  (*Chicago Title Ins. Co. v.*

*AMZ Ins. Services, Inc.* (2010) 188 Cal.App.4th 401, 415.)

## DISPOSITION

The trial court's order is affirmed.  The parties shall bear their own costs on appeal.

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
FINEMAN, J. *

---

* Judge of the Superior Court of California, County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.